FORD, v. ADAMS DRY GOODS CO. (Supreme Court, Appellate Division, Second Department. July 23, 1907.) Appeal from Special Term, Kings County. Action by Michael J. Ford against the Adams Dry Goods Company. From a judgment for plaintiff, defendant appeals. Affirmed. Frederick E. Fishel, for appellant. Emanuel Van Dernoot, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

GAYNOR, J. (dissenting). The plaintiff was employed as electrician in the defendant's department store. He had to go all about the store and building and care for the arc lights and electric wires and fixtures. He had no other duties. From the engine room in the basement a platform lift ran up to the street level where flap doors opened. This lift was used to carry the ashes up from the engine room and to carry down the litter from the store floors to be burned in the engine fires. It was also used to bring down material used in the engine room. It was not the duty of the plaintiff to do any of these things, but in the performance of his work he had to go to the engine room daily. There were five employés in the engine room, including the engineer. The plaintiff was taking himself up by this lift in order to go out to lunch when it tipped over and hurt him. The chain seems to have fouled on the pulley wheel overhead, the flange of which was broken and notchy, causing a link to part. The plaintiff alone was on the lift, and operating it by pulling the chain. The operation was so simple that any one could do it. There was much dispute on the trial whether a notice was posted up by the lift that it was not for passenger use. But such a notice was not necessary. It was plainly not for passengers. No sign could have made the fact plainer to the plaintiff or any one else. And he knew it was for the uses stated above. He swore to it himself. His only justification for using it to go in and out of the building to come to and leave work, which he

says he did very frequently, was that he saw the engineer and his firemen or helpers do the same, instead of going up by the stairs. No other employés used it. There seem to have been none others in the cellar. This was not sufficient to prove that the lift was devoted to passenger use, or provided for that purpose by the defendant, or that the plaintiff used it by the defendant's "invitation," as the learned trial judge expressed it, in leaving the question of fact of such invitation to the jury in his charge. It was not obliged to station a man by it to prevent the plaintiff from using it. Let it not be overlooked that it was his duty not to use it. He used it at his own risk; and it seems that would have been so, even though he had obtained permission to use it for his own purpose. Such a permission given at his request would have been as matter of law to use it knowing that it was not for such a use, and therefore taking the risk of it. It would not have imposed any duty on the defendant to equip it or care for it for him. Hart v. Naumburg, 123 N. Y. 64, 25 N. E. 385; Ingram v. Fosburgh, 73 App. Div. 129, 76 N. Y. Supp. 344. The judgment and order should be reversed.

---

FRANK, Respondent, v. JOEL, Appellant. (Supreme Court, Appellate Division. Fourth Department. May 15, 1907.) Action by Sarah Frank against Marcus Joel, as, etc. No opinion. Judgment affirmed, with costs.