## GOLDBERG v. SHAPIRO.

(Supreme Court, Appellate Term, First Department.   April 10, 1913.)

1. MASTER AND SERVANT (§ 41*)—DISCHARGE OF EMPLOYÉ—ACTION FOR DAMAGES—BURDEN OF PROOF.

    In an action for breach of an employment contract under which plaintiff was discharged, the burden was on defendant employer to show that plaintiff did have or could have had other employment after his discharge.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. § 41.*]

2. NEW TRIAL (§ 52*)—COMPROMISE VERDICT—VALIDITY.

    Verdict for $350 in plaintiff's favor should have been set aside, as having been induced by compromise between the jurors, where plaintiff was entitled to recover $545, if anything.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 101; Dec. Dig. § 52.*]

Appeal from City Court of New York, Trial Term.

Action by Benjamin Goldberg against Benjamin Shapiro. From a judgment for plaintiff, and from an order refusing to set aside the verdict, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

David E. Hurwitz, of New York City (Otto A. Samuels, of New York City, of counsel), for appellant.

Abraham H. Sarasohn, of New York City, for respondent.

DELANY, J.   Plaintiff brought this action to recover damages for an alleged unjustifiable discharge of the plaintiff by the defendant. Plaintiff claimed that the contract period was one year. The verdict of the jury was for $350.

[1, 2] The principal question that arises on the appeal is based upon the verdict of the jury, which the appellant claims was influenced by a spirit of compromise. The verdict of the jury in this case necessarily implies the finding in the plaintiff's favor of the disputed, but necessary, elements that the contract of employment was for one year and that the defendant unjustifiably discharged the plaintiff before the end of the term of service. The contract period had expired before the trial was had. After the discharge of the plaintiff, he earned within the contract period $100 in other employment, and, had not the contract been broken, he might have earned $645 under his contract. Crediting the defendant with the $100, the plaintiff's claim for damage was fixed at $545. The defendant offered no evidence that plaintiff had or could have had other employment after his discharge, and, under the law in such cases, the burden of proving such facts in diminution of the plaintiff's claim was on the defendant. A prima facie case of damage was, therefore, made out by plaintiff (Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285); and since there was no proof on the part of the defendant justifying another sum, this amount presump-

tively stood as the damages sustained, and the learned trial justice so charged in this language:

"If you find for the plaintiff upon that point, it will be your duty to determine the damages which he sustained by reason of the breach of contract; and the damages he places at the amount which would have been due him if he had completed his contract, or $645, and he admits having received $100 from other employment, leaving the damages he claims at your hands $545. That evidence is undisputed in the case; no evidence has been adduced to show that he earned more, or with reasonable diligence could have earned more, than that."

The verdict should, therefore, have been for $545; but the amount awarded was $350. In reaching this conclusion, the jury certainly did not follow the law as given by the trial judge, and the award was far below the adequate damages according to the proof. If it were but a negligible difference, such as by rough calculation may sometimes result without affecting substantially the amount, it could be overlooked; but it seems inconceivable that such a verdict could have been rendered, except as the result of a compromise. This is manifestly prejudicial to the defendant, since the spirit of compromise should not have been a factor in the case, and it seems to have been the controlling one with the jury. The verdict should be set aside, and a new trial ordered.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.