## MARKS v. MAGID et al.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

1. MASTER AND SERVANT ⚷⟿40—WRONGFUL DISCHARGE OF SERVANT—DAMAGES.

That an employé, suing for a wrongful discharge, filed, on being unable to find employment as an individual, a certificate that he intended to do business under a corporate name, does not raise a presumption that he would be more successful in a corporate capacity than as an individual in finding personal employment in reduction of damages.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. ⚷⟿40.]

2. MASTER AND SERVANT ⚷⟿42—WRONGFUL DISCHARGE OF SERVANT—DAMAGES.

Where an employé, suing for a wrongful discharge, filed before the trial a certificate that he intended to do business under a corporate name, while he had been unable to find employment as an individual, and the corporate enterprise involved an investment of funds, any profits received from the investment, rather than from personal labor, could not be allowed in reduction of damages.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 54–56; Dec. Dig. ⚷⟿42.]

3. MASTER AND SERVANT ⚷⟿40—WRONGFUL DISCHARGE OF SERVANT—DAMAGES—BURDEN OF PROOF.

An employé, suing for a wrongful discharge, does not have the burden of proving that he attempted to obtain employment and failed; but the

employer has the burden to show the amount earned by way of reduction of damages.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. ☞40.]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Michael Marks against David Magid and another. From an order vacating a judgment for plaintiff, and ordering a new trial for newly discovered evidence, plaintiff appeals. Reversed, and judgment reinstated.

See, also, 87 Misc. Rep. 321, 149 N. Y. Supp. 942.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Morris Grossman, of New York City (Morris E. Gossett, of New York City, of counsel), for appellant.

M. Michael Edelstein, of New York City, for respondents.

GUY, J. [1, 2] The moving papers do not furnish any sufficient ground for a new trial. The facts alleged, had they been proven at the trial, would not have justified any modification of the verdict. The mere fact that after the action was commenced, and four days before the trial, plaintiff, having failed to find employment as an individual, filed a certificate that he intended to do business under a corporate name, raises no presumption that he would be any more successful in a corporate capacity than as an individual in finding personal employment. If his corporate enterprise involved an investment of funds, any profits received from such investment, rather than from personal labor, could not properly be allowed in reduction of damages.

[3] The burden is not on the plaintiff to prove that he attempted to obtain employment and failed, but on the defendant to show the amount earned by way of reduction of damages. Goldberg v. Shapiro, 140 N. Y. Supp. 1016. It is a novel proposition that, if the facts are true, a new trial may be granted, because, if complied with, other additional facts not alleged may be shown, and that the combined facts might affect the result. The order should be reversed and the judgment reinstated.

Order reversed, with costs and judgment reinstated.

WHITAKER, J., concurs.

LEHMAN, J. (dissenting). The plaintiff claims that on November 10, 1913, he was employed by the defendants for one year at a salary of $20–$22 per week. He was discharged on June 6th, and immediately brought suit for breach of contract. On June 29th the case came to trial, and on July 10th the court gave judgment for the plaintiff in the sum of $500; in other words, for practically every dollar plaintiff would have earned if the contract had been fully complied with. It is well established that damages for a breach of

contract of employment are not subject to any exact computation, where the trial is had before the term of the contract has expired; but the court must take into consideration the possibility or probability of the discharged servant being able to find remunerative work elsewhere. In this case the trial justice evidently decided that there was no reasonable possibility of the plaintiff earning any moneys during the ensuing six months.

After the trial the defendants learned that on the 25th day of June, 1914, the plaintiff had already filed a certificate in the county clerk's office that he was doing business under the name of Marks Tailoring Company. Obviously, if this evidence had been before the court, it could not reasonably have given judgment for $500 damages. The evidence, I think, could not have been discovered with reasonable diligence, and would almost certainly change the result of the trial. It was therefore entirely proper to order a new trial.

Order should be affirmed, with costs.