PARSHALL *v.* MINNEAPOLIS & ST. L. RY. CO.

(*Circuit Court, D. Minnesota.*  June 28, 1888.)

1. RAILROAD COMPANIES—LIABILITY FOR NEGLIGENCE—COLLISION.

One injured by a collision between two trains, on one of which he was a passenger, can recover against the company on whose road the other train was running. its engineer having caused the disaster by his negligence, although the engineer of the former train may also have been guilty of negligence.

2. DAMAGES—FOR PERSONAL INJURY—EVIDENCE.

In an action against a railroad company for personal injuries, under a petition alleging that plaintiff is a minister, engaged in other avocations at different times, and was prevented by such injury from performing his avocations, evidence of the amount of the salary plaintiff had received theretofore is material to the amount of recovery, and it is proper for the court to refer thereto in its charge.

3. NEW TRIAL—RULINGS ON EVIDENCE—HARMLESS ERROR.

In such action. though a statement made by the conductor of defendant's train, not part of the *res gestæ*, was improperly admitted, yet if upon relevant evidence in the case, the verdict was plainly right, and would have almost necessarily followed had such error not occurred, the verdict should not be set aside.

4. SAME.

A motion for a new trial being argued before a different judge from the one presiding at the trial, and the evidence relating to the character and extent of the damages sustained, not being all preserved by bill of exceptions, the verdict will not be set aside on the ground that the damages are excessive.

5. SAME—MISCONDUCT OF JURY.

It being doubtful whether the jury arrived at their verdict by adding together the amounts each thought the plaintiff should receive, and dividing the sum by twelve, the quotient to be the amount of the verdict, agreeing in advance to abide by the result, or simply made such calculation as a basis for further discussion and agreement, a motion to set aside such verdict on the ground of misconduct of the jury should be overruled.[1]

At Law.   On motion to set aside verdict of jury.

Action by R. F. Parshall against the Minneapolis & St. Louis Railway Company for injuries received by a collision of trains.   Verdict for plaintiff, and damages assessed at $8,000, which verdict defendant moved to set aside.

*Bleckman, Bloomingdale & Tourtelotte* and *Flandrau, Squires & Cutcheon,* for plaintiff.

*J. D. Springer, F. D. Larrabee,* and *C. D. O'Brien,* for defendant.

---

[1] It is entirely proper for the jury, in actions for unliquidated damages, to add the amounts named by each, and divide the sum by 12, to obtain a medium sum to be submitted as a proposition for a verdict; but such process must not be adopted pursuant to an agreement to be bound by its result.   Village of Ponca v. Crawford, (Neb.) 37 N. W. Rep. 609.

The testimony of jurors is not admissible to impeach their verdict by showing that the amount of damages awarded was averaged.   Clark v. Manchester, (N. H.) 13 Atl. Rep. 867;  Ward v. Blackwood, (Ark.) 3 S. W. Rep. 624.   A motion for new trial on the ground of misconduct of the jury is ordinarily addressed to the discretion of the trial judge.   Com. v. White, (Mass.) 16 N. E. Rep. 707.   See, also, cases cited in note.

On the general subject of when a new trial should be granted on the ground of misconduct of the jury, and how such misconduct is shown, see State v. Rush, (Mo.) 8 S. W. Rep. 221;  Griffin v. Harriman, (Iowa,) 38 N. W. Rep. 139;  Grottkau v. State, (Wis.) 36 N. W. Rep. 31, and note;  Pellitier v. Lumber Co., (Me.) 5 Atl. Rep. 262, and note;  Berry v. De Witt, 27 Fed. Rep. 723.

BREWER, J. This case was tried at the last term of this court, before Judge NELSON and a jury, and a motion for a new trial was argued before me on a bill of exceptions. The case involved the same facts presented in a case just tried at this term, where at a crossing of the Chicago, Milwaukee & St Paul Railway and of the Minneapolis & St. Louis Railway two trains collided, and the plaintiff, a passenger on the Milwaukee train, was injured. I always decline to hear a motion for a new trial in a case tried before another judge, unless the case stands upon some question of law sent by that judge to be heard here. Motions for new trials are simply appeals to the discretion of the court, and are not matters of right to be claimed by the defeated party. It is clear that the trial judge better than any one else can determine whether substantial justice has been done, and should pass upon such a motion; but in his absence the motion was argued before me, and I said to counsel at the time that I should wait until I heard the facts to be developed in the approaching trial before determining this motion. I have heard the facts as thus disclosed, and, whether or no there was any negligence on the part of the Milwaukee engineer, it is very clear to my mind that there was culpable negligence on the part of the Minneapolis & St. Louis engineer, for notwithstanding his declarations, and the testimony of one or two others to the same import, that he stopped his train before he came to the stop-board, it is very evident to me that he did not do so; that he approached that crossing without stopping, and without putting his train so far under control that he could stop after he saw the approaching Milwaukee train. So that, upon the facts, I am very clear that the Minneapolis & St Louis road was chargeable with negligence in that collision, independent of the question whether the Milwaukee company was also chargeable with negligence. Under those circumstances, unless on the trial there was some substantial error, it is my duty to overrule the motion for a new trial.

Some matters are suggested which require a word or two of comment. Two affidavits were filed charging misconduct on the part of the jury; one, an affidavit of a juror that a verdict was reached in pursuance of an agreement that each juror should write down the amount which he thought the plaintiff should receive, and, after adding them together and dividing by 12, that the amount so reached should be the verdict. Of course, if a verdict is reached in pursuance of an agreement to abide by the result of such an addition and division, it is misconduct such as would vitiate the verdict. But it is also true that it is not improper, and is common in matters of this kind, where the amount does not rest upon any fixed rule, but depends upon the discretion of the jury, for each juror to put down the amount which he thinks the plaintiff ought to receive, and the sum of the amounts being divided by twelve places before the jury a basis for further discussion and agreement; and when that is all that is done, such attempt to reach concord and agreement does not vitiate the verdict. While the affidavit of this juror is to the effect that the verdict was obtained under such an agreement to abide by the result, another affidavit, and the papers which were found in the jury-room,

indicate that there were several efforts of that kind made,—twelve sums put down one after the other added together and divided by twelve; but the result of none of these efforts was the exact amount of the verdict returned. There is also the affidavit of another juror that there was no such agreement in advance, and that all that was done was simply, as I suggested, an effort to see what was the average of the judgment of the jurors. Passing the question whether the affidavits of jurors are admissible in that respect to impeach the verdict, it is clear that no verdict can be impeached therefor unless it is clearly and satisfactorily shown that such misconduct did exist. It is often an easy thing to get the affidavit of a single juror as to transactions in the jury-room, but unless it is clearly shown that the jurors were guilty of misconduct the verdict should stand. Here we have the affidavits of two jurors, one against the other; and if we put them both to one side, still the papers found very strongly tend to show that all that was done was simply an effort to find out the average opinion of the jurors.

Another matter was brought up, and that is the amount of the verdict, $8,000. It is enough to say upon that, that the full testimony as to the extent and character of the injuries is not preserved in the bill of exceptions, and therefore it is impossible for me to say that the verdict was not a satisfactory and just response to the testimony. It is also objected that testimony was permitted to be introduced, and that the court called the attention of the jury in estimating the amount of the verdict to the fact that the plaintiff was a minister and had been receiving as compensation for his services from $1,000 to $1,800 a year theretofore; and it is claimed that that was a matter of special damages which should have been separately and distinctly alleged. It is alleged in the petition that he was a minister, and also engaged in other avocations at different times, and that by the injury he was prevented from the proper prosecution of his avocations. The court did not tell the jury to multiply the plaintiff's salary by a number of years, and award him such sum; but the testimony being, as I think, properly admitted under the pleadings, it was proper to call the attention of the jury to it in the charge, to be considered by them in determining what was due compensation.

There are two or there other matters in which perhaps the trial judge made a mistake. For instance, he permitted one witness to testify as to a statement made by the conductor of the Minneapolis & St. Louis train after the accident. True, it was but a few moments after, but I am inclined to think it was not quite near enough to be received as a part of the *res gestæ*, and it was not made by one who had charge of the movement of the train. In one or two other matters of a similar nature, I think a careful examination would satisfy the trial judge, as it has impressed me with the belief, that there was some technical error. But I do not understand that an error of that kind is of itself sufficient to justify a court in setting aside a verdict and putting the parties to the expense and time of another trial, if upon all the facts in the case it is clear that, these errors being excluded, the same verdict will almost necessarily follow. After listening to the facts developed here I do not see how it is reason-

able to expect that any jury would find otherwise that the engineer of the Minneapolis & St. Louis train was guilty of negligence; so, while perhaps another jury might estimate the damages at a different sum, yet the verdict would be inevitably for the plaintiff. Hence, although perhaps technical error may be found in one or two matters, I am constrained to overrule the motion for a new trial. Ordered accordingly.