## BIGELOW v. GARWITZ.

*(Supreme Court, General Term, Fifth Department.   October, 1891.)*

NEW TRIAL—VERDICT—VIOLATION OF INSTRUCTIONS.

In an action for the contract price of drilling a well, the complaint alleged that the depth to which the well was to be drilled was not fixed by the contract, but was left open for the decision of defendant as the work proceeded, and that, when the well had reached the depth of 121 feet, defendant decided that it should not go any further.   The answer alleged that the contract required plaintiff to drill until a sufficient supply of water was obtained, and that he was to receive no pay until such supply of water was obtained.   There was no dispute as to the contract price of the drilling per foot, or as to the depth reached by the plaintiff.   The court charged that, if the contract was as alleged by plaintiff, he was entitled to $224.80, (the amount sued for;) otherwise defendant was entitled to a verdict.   *Held*, that a verdict for plaintiff for $100 was properly set aside, as against the instructions of the court, and as the result of a compromise by the jury.

Appeal from circuit court.

Action by Charles C. Bigelow against Joseph Garwitz.   From an order granting defendant's motion on the minutes to set. aside a verdict for plaintiff, and for a new trial, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*A. C. Calkins,* for appellant.   *W. H. Tichnor,* for respondent.

DWIGHT, P. J.   The order seems to us to have been properly made on grounds other than those assigned by the court below in a brief memorandum accompanying its decision.   The action was for the contract price of drilling a well, and furnishing the necessary casing, piping, and other fittings therefor.   The complaint alleged an oral contract, which fixed the price per foot of the drilling, and of each of the necessary fittings, but left the depth to which the well should be sunk to be thereafter decided and directed by the defendant.   It further alleged that when the drilling had proceeded to the depth of 121 feet the defendant decided and directed that it should not go any further, whereupon the plaintiff furnished and put in all the necessary fittings for the well at that depth, and that the price of all the labor and material supplied amounted, at the contract price, to the sum of $249.80, no part of which had been paid, and which the plaintiff claimed to recover.   The answer averred a contract by which the plaintiff should drill till he procured a sufficient supply of water for all domestic purposes and for the stock then on defendant's farm; and that when such a supply of water was obtained the plaintiff should be paid at the prices stated in the complaint, but that until such supply of water was obtained he should receive no pay either for work done or material furnished.   And this was the issue tried and submitted to the jury, with the variation that the plaintiff was permitted to give evidence to the effect that when the work was stopped he agreed that, if the supply of water did not prove adequate, he would return and drill the well to a greater depth.   There was no dispute as to the amount earned by the plaintiff if the contract was as he alleged, viz., $249.80, and there was an undisputed offset due to the defendant of $25 for keeping the plaintiff's horse.   Accordingly the court charged the jury that, if the contract was as alleged by the plaintiff, he was entitled to a verdict for the sum of $224.80, whereas, if the contract was as alleged by the defendant, the latter was entitled to a verdict.   The jury rendered their verdict in favor of the plaintiff for $100.   It was properly set aside.   It was in direct contravention of the instructions of the court, and was manifestly the result of a compromise.   It was a verdict which the jury had no right to render, and which the court might well have set aside on its own motion.   Without considering, therefore, the question of supposed error in the admission of evidence as to the terms of the contract, we are quite satisfied to affirm the order granting a new trial on the ground that the verdict

was in clear violation of the unquestioned law of the case. Order granting a new trial affirmed, with costs of this appeal to abide the event of the action. All concur.