### DRISCOLL et al. v. NELLIGAN.

(Supreme Court, Appellate Division, Third Department. December 6, 1899.)

1. NEW TRIAL—IMPROPER CONDUCT OF JURY.

     A verdict will not be set aside for improper conduct of the jury in arriving at it by adopting a method of figuring to the exclusion of a deliberate judgment, where the only evidence that they previously agreed to adopt such a method is that the figuring was found on a paper in the jury room,

the result of which was the amount of the verdict, and the officer in charge saw two jurors looking at it.

**2. SAME—APPEAL.**
Where motion for new trial was made on evidence produced after trial, and on minutes of judge, under Code Civ. Proc. § 999, and the court on appeal holds that the verdict should not be disturbed on the former ground, in determining that there were no reversible errors in the minutes the court is not bound by the fact that its opinion is in opposition to the conclusions of the trial judge.

**3. SAME—SETTING ASIDE VERDICT.**
A verdict will not be disturbed, as against the weight of the evidence, where it is not so clearly preponderating as to warrant an interference.

Appeal from Tompkins county court.

Action by Patrick Driscoll and others against James D. Nelligan. There was a judgment for defendant, and from an order granting a new trial, because of improper conduct of the jury in arriving at a verdict, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

Halliday & Denton (S. D. Halliday, of counsel), for appellant.
Edward J. Mone (M. N. Tompkins, of counsel), for respondents.

PARKER, P. J. It may be conceded that the verdict in this action was the result of a compromise, and yet it should not be set aside on that account. It is clear from the evidence that the jurors, individually, might have reached different conclusions as to the exact amount in which the defendant was indebted to the plaintiffs. So, also, they might have reached different conclusions as to the precise amount in which the plaintiffs were indebted to the defendant upon the counterclaim set up by him. The determination of the amount of each of those claims depended upon the conclusions which jurors reach as to the property delivered and the values thereof. The amount of the claim of neither party was so established by the evidence that it was fixed and certain, and should have been allowed as matter of law, provided any liability whatever for the articles sold was found to exist. In this respect the jurors entered upon the consideration of the question as if they were attempting to reach a verdict where the damages were unliquidated, and the rule which we adopted in the case of Hamilton v. Owego Waterworks, 22 App. Div. 573, 48 N. Y. Supp. 106, is applicable to this case.

Nor is it established in this case that the verdict was the result of a mode of reaching it which excluded reflection and intelligent judgment. The figuring which was found upon a piece of paper in the jury room, by the officer in charge, may have been the method adopted by the jury to reach their verdict. The fact that the result of such figuring is the precise amount of the verdict suggests that conclusion. But it is by no means conclusive or satisfactory proof that such was the fact. Unless the jurors previously agreed to adopt the result of such mode of figuring as their verdict, the mere fact that the verdict is identical in amount is not sufficient to disturb it. 28 Am. & Eng. Enc. Law, p. 272, and cases there cited. The evidence of the officer

in charge does not throw any light whatever upon the question whether or not the jurors agreed to adopt as their verdict whatever sum such a mode of figuring would produce. He saw two jurors looking at the paper when he went into the room in response to their call that they had agreed, and were ready to go into court and render their verdict. He knows nothing whatever of who made it, or who looked at it, prior to their having agreed. One may have made it, and all may have repudiated it as a proper method of reaching a verdict. The brief of the appellant's counsel shows several ways by which a verdict within a few cents of the amount on the paper could have been reached by an intelligent analysis of the evidence and reasonable conclusions deduced therefrom. It would be out of place to reproduce such analysis in an opinion, but an examination of the evidence convinces me that the deliberate judgment of the jurors may have reached a conclusion so very close to the result found upon the paper as to rebut any suggestion arising from the verdict's being for the precise amount of such result. The essence of a wrongful method of procedure, viz. an adoption of such method of figuring to the exclusion of a deliberate judgment upon the evidence, is not proven, and therefore no ground was shown for setting aside the verdict for the reason assigned in the order appealed from. See Thomp. Trials, §§ 2602, 2603, 2616.

This motion for a new trial was made, not only upon evidence produced after the trial, and claimed to show an improper procedure on the part of the jury, but also upon the minutes of the judge, under the provisions of section 999 of the Code of Civil Procedure; and it is claimed by the respondents that, even though this court should conclude that the verdict should not be disturbed upon the former ground, yet it should be set aside because of errors appearing in such minutes. Conceding that upon this appeal we are at liberty to affirm the order should we discover error in such minutes, it is clear that the respondents cannot claim that the trial judge has found any error therein. In respect to this part of the record, we are not now called upon to either reverse or affirm him, but to consider the questions as now for the first time presented. In reaching the conclusion, therefore, that there are no reversible errors to be found in such minutes, we are not constrained by the consideration that we are in opposition to the conclusion of the judge, who was best situated to understandingly pass upon them.

It is urged upon us that the clear weight of evidence is to the effect that no verdict whatever should be found for the defendant. A review of the evidence convinces me that there was a sharp conflict upon the question as to what amount either party was indebted to the other. The assumption by respondents that the value of the lumber delivered by plaintiffs was fixed by the contract price is not sustained, inasmuch as there is evidence tending to show that, upon complaint being made by the defendant of its quality, it was agreed that defendant should be liable for no more than it was worth. The evidence was not so clearly preponderating in favor of the plaintiffs as to warrant us in interfering with the verdict on that account. I find no exceptions in the case nor errors of law which would warrant

us in setting aside the verdict, and therefore conclude that the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.