WIEGAND v. FEE BROS. CO.

(Supreme Court, Appellate Division, Fourth Department. June 6, 1902.)

1. VERDICT—COMPROMISE BY JURORS—REVERSAL.

In an action for injuries, a question as to whether defendant was
guilty of negligence was submitted to the jury. The verdict was for
$1,000 for plaintiff, and stated that the question was answered in the
affirmative, with the qualification that, there being no possibility of
agreement except on a compromise, the jury had agreed on a com-
promise in regard to the question. The foreman stated to the court
that the jury all agreed as to the amount of damages for plaintiff, but
that they were unable to agree on the question except as they had.
Held, that as it appeared that some of the jury, against their convictions,
had agreed to a verdict in favor of plaintiff on the question of negli-
gence, in consideration of an agreement by other members that the dam-
ages should not exceed a certain amount, the judgment would be re-
versed.

2. SAME—FAILURE TO OBJECT TO VERDICT.

Where a verdict for plaintiff on the question of defendant's negligence
was agreed to by some of the jury against their convictions, on consid-
eration of other members agreeing that the damages should not ex-
ceed a certain amount, the judgment will be reversed on appeal, though
defendant did not object to the reception of the verdict, or promptly or
properly seek to have it set aside.

Appeal from trial term, Monroe county.

Action by Grace Wiegand, by Annie Wiegand, her guardian ad
litem, against the Fee Bros. Company. From a judgment for plain-
tiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

C. D. Kiehel, for appellant.
Frederick A. Mann, for respondent.

HISCOCK, J. We think that the judgment and order appealed
from should be reversed on account of the irregularities and mis-
carriage of justice appearing upon the face of the verdict upon which
the judgment in question was entered. This action was brought
to recover for personal injuries claimed to have been caused by
the negligence of defendant in connection with an elevator upon
premises owned by it. The case was closely contested upon the
main questions of defendant's negligence and plaintiff's freedom
from contributory negligence. In due time the jury was charged
and sent out by the court with instructions to render a verdict upon
the specific questions submitted to them,—whether the plaintiff
was guilty of contributory negligence, and whether the defendant
was guilty of negligence in not causing the elevator to be properly
guarded. The jury rendered its verdict in the following form:

"Wiegand vs. Fee Bros. Co.

"(1) Was the plaintiff guilty of negligence contributing to the injury complained of? Answer. No.

"(2) Was the defendant guilty of negligence in not causing the elevator to be properly guarded? Answer. Yes; as qualified below. (xx)

"(x) We find a verdict for the plaintiff, damages $1,000.

"(xx) The jury, after deliberating all night, there being no possibility of agreeing except on a compromise verdict, has finally agreed to the compromise in regard to question No. 2, the item (x), the verdict, and the question of damages, all to be taken together."

Apparently upon the jury coming in with this verdict the following discussion took place:

"The Court: Is it the unanimous verdict that you find for the plaintiff $1,000? The Foreman: Yes, sir. The Court: Is it also true that you are unable to agree upon an answer to the second question except as you have? The Foreman: Yes, sir. The Court: I understand that you mean by that verdict that there is no question of compromise in reference to the amount of damages. You all agree to that amount for the plaintiff? The Foreman: Yes, sir."

We think it thus appears from the verdict itself and from the discussion between the court and the jury beyond any question that some members of the jury, against their judgment and convictions, agreed to a verdict in favor of plaintiff upon the question of defendant's negligence, in consideration of an agreement by other members of the jury that the verdict should not exceed a certain amount.

It is clear from the verdict itself and the proceedings attending its rendition that the compromise spoken of did not relate merely to the question of damages,—was not such an adjustment of the conflicting views of the different members of the jury upon that subject as might legally be permitted. It, upon the contrary, appears to us very clearly that the rights of the defendant were bargained away upon the main issue whether it was negligent or not, in consideration of an understanding that it should not be beaten in too large an amount. While we must fully recognize that frequently it is not only proper, but necessary, that jurymen should, if possible, harmonize and reconcile their views of evidence, it is too clear to require discussion that the methods employed in this case were not lawful or proper.

The counsel for the appellant urges that the error above discussed was presented to the court by his motion for a new trial, under the provisions of section 999 of the Code. Without deciding whether he is correct in this view, we regard the irregularity and improper proceeding referred to as grave enough so that this court, within its inherent power, should set aside the verdict and judgment based thereon of its own motion if necessary.

Even if it should be urged that the appellant had not objected to the verdict being received, and did not promptly or properly seek to have it set aside, we should still feel that the fault complained of was one which could not be waived by a party to the suit. It affects the regularity, validity, and justice of a proceeding in this court, and we feel that, as a matter of public policy, we should not allow it to pass, even if the party injured thereby had not suffi-

ciently objected to it. The judgment and order appealed from should be reversed, with costs to abide event.

Judgment and order reversed, and new trial ordered, with costs to abide event. All concur.