MEYERS et al.. v. ZUCKER et al.

(Supreme Court, Appellate Term. December 23, 1904.)

1. TRIAL—VERDICTS—COMPROMISE.

In an action for breach of contract, where the evidence would support either a finding for plaintiff for the full amount claimed, or in favor of defendant for no cause of action, a compromise verdict for an arbitrary proportion of the amount claimed could not be sustained.

Appeal from City Court of New York, Trial Term.

Action by Herman Meyers and another against Samuel Zucker and another. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Peter Zucker (Max D. Steuer, of counsel), for appellants.

George R. Simpson (Michael H. Harris, of counsel), for respondents.

MacLEAN, J. Seeking recovery for breach of contract, the plaintiffs laid their damage in the sum of $2,000. Stating "there is $2,000 damage in this thing," whether before, at, or after trial, may

not of itself be said to prove the fact; but if proof there be sufficient of the cost of unmanufactured goods on hand, of prospective cost and expense of manufacture, the judgment entered upon the verdict of the jury may not stand, for the jury, upon the evidence, might have found in favor of the plaintiffs for the full amount, or in favor of the defendants for no cause of action, but compromise they may not. Myers v. Myers, 86 App. Div. 73, 83 N. Y. Supp. 236. The verdict in favor of the plaintiffs for the sum of $500 being without evidentiary foundation, the judgment thereon must be reversed and a new trial ordered.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event. All concur.