(84 Misc. Rep. 459)

FEINBLATT v. UNTERBERG et al.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

NEW TRIAL (§ 52*)—GROUNDS—COMPROMISE VERDICT.

 Defendant contracted to furnish plaintiff shirts to be laundered for a year, and agreed that, if the work furnished was not sufficient to pay plaintiff an average profit of $40 a week, defendant would at the end of the year make up the difference. Defendant breached the contract 13 weeks after it was made, and thereafter plaintiff was unable to earn anything in reduction of damages, and, for the 13 weeks before the breach, plaintiff only made $5 a week, or $65 in all. The jury found for plaintiff, but only awarded him $455 damages. *Held*, that since plaintiff was entitled to recover $40 a week for 52 weeks, or $2,080 less the $65, the verdict will be set aside as having resulted from compromise and not being supported by the facts.

 [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 101; Dec. Dig. § 52.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham Feinblatt against Israel Unterberg and others. From a judgment for plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed, and new trial ordered.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Louis B. Williams, of New York City (Simon S. Hamburger, of New York City, of counsel), for appellants.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

DELANY, J. The action herein was brought by the plaintiff upon a contract, which he alleges he entered into with the defendants, whereby they agreed to furnish him with a certain number of shirts to be

---

laundered by him for a period of one year from the making of the contract at prices agreed upon by the parties, and whereby they further agreed that, in the event the plaintiff's profits for the year were less than $40 weekly, they would pay him the difference between that sum and the amount actually earned by him.

The answer denies the making of the contract, and there is evidence on the part of the defendants supporting the denial. The jury therefore on the conflicting testimony found on this point for the plaintiff. The testimony of the plaintiff was that the defendants assured him in the event of the amount of work not being sufficient to pay him an average of $40 a week that they would at the end of the year make up the difference, and the amount sued for was for such a sum. The breach of the contract occurred in August, 1911, and thereafter plaintiff was unable to earn anything in reduction of damages. For the 13 weeks before the breach plaintiff made but $5 per week, or a total of $65, so that his damages, the jury having found in his favor, should have been $40 a week for 52 weeks, a total of $2,080, less $65, or a sum equal to $2,015. The jury awarded him $455, which was less than a quarter of the amount claimed. It was not disputed that the plaintiff had not been able to earn any money during the term of the contract subsequent to its breach. It is obvious that this verdict was not reached with proper regard for the facts and the law, but was the result of a compromise. Respondent's brief urges that this verdict is the result of allowing $40 a week for 13 weeks before the breach, or a total of $520, less the $65 received during that time, or $455; but this seemingly-true conclusion only demonstrates the supposition of the compromise. Such a verdict therefore cannot be permitted to stand.

In Myers v. Myers, 86 App. Div. 73, 83 N. Y. Supp. 236, the court said:

"Parties to a litigation, the defendant as well as the plaintiff, are entitled to have the issues submitted to the jury decided solely upon the evidence, and either party has just cause for complaint if that is not done. * * * The verdict rendered was clearly a compromise, and whether or not it unfavorably affected the defendant it is impossible to say. It is sufficient that it was not justified by the evidence, and therefore the judgment entered thereon should be reversed."

Judgment and order reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.