### HELLER v. GOLDBERG.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

TRIAL (§ 315*)—BREACH OF CONTRACT—INSUFFICIENT DAMAGES—COMPROMISE VERDICT.

　　Where plaintiff was employed for 6 months at a weekly salary of $80, and was discharged during the fourth week without cause, and where at the trial 12 more weeks of the contract period had elapsed, but defendant introduced no evidence that plaintiff had or could have secured other employment, plaintiff was entitled to a verdict of at least $960, or nothing, and a verdict of $200 did not represent the judgment of the jury, but a compromise, and judgment thereon will be reversed.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740–742; Dec. Dig. § 315.*]

Appeal from City Court of New York, Trial Term.

Action by Helen Heller against Jacob Goldberg. From the judgment, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Joseph S. Rosalsky, of New York City (Jacob I. Berman, of New York City, of counsel), for appellant.

Max D. Steuer, of New York City, for respondent.

PAGE, J. It was conceded that plaintiff had been employed for 6 months at a weekly salary of $80. She was discharged during the fourth week of her employment, as she claims, without cause, and sued for damages.

At the time of the trial, 12 more weeks of the contract period had elapsed. Defendant introduced no evidence of any kind indicating that plaintiff had or could have secured other employment. Plaintiff was therefore entitled to a verdict of at least $960 or nothing. The learned judge below had, without objection, charged that the opportunity for other employment was a matter of defense, and not a part of plaintiff's case. It is quite evident, as a matter of simple mathematics, that the verdict represents, not the judgment of the jury, but a compromise.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.