MILLER v. BARKER, ROSE & CLINTON CO.

(Supreme Court, Appellate Division, Third Department.  May 3, 1916.)

1. NEGLIGENCE ⬤⇒135—INVITEES—PERSONAL INJURIES—ACTIONS—DEFENSES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence that plaintiff, having been given an order for goods at defendant's warehouse, in which he had never been, went to the warehouse and entered by another than the customary door, to do which he had to pass certain obstacles, and that inside the warehouse it was dark, and that he stepped into an elevator well, which was unguarded, is persuasive of his contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 274–276; Dec. Dig. ⬤⇒135.]

2. DAMAGES ⬤⇒132(15)—INADEQUATE DAMAGES.

A verdict of $700 in favor of plaintiff, who was injured by falling into an elevator well on defendant's premises, being required to expend over $500 because of such injuries, being unable to work for more than one year, suffering a good deal of pain and annoyance, and receiving injuries probably permanent in character, is inadequate, if he is not guilty of contributory negligence.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 396; Dec. Dig. ⬤⇒132(15).]

3. TRIAL ⬤⇒315—COMPROMISE VERDICT.

In such case, the issue of contributory negligence having been made, the verdict indicated compromise to avoid disagreement, since plaintiff was entitled to adequate compensation if he was not negligent, and could have no compensation if he was negligent.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740–742; Dec. Dig. ⬤⇒315.]

Appeal from Trial Term, Chemung County.

Action by Charles L. Miller against the Barker, Rose & Clinton Company.  Judgment for plaintiff, and defendant appeals.  Plaintiff's motion for new trial on the ground of inadequate verdict was denied, and plaintiff appeals.  Reversed, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Herbert N. Babcock, of Elmira, for plaintiff.
Howard D. Bailey, of Syracuse, for defendant.

WOODWARD, J.  [1] The plaintiff, a contractor and builder, went to the store of the defendant, on Lake street, in Elmira, to pur-

chase certain goods, and was sent by an employé to the warehouse of the company on State street to obtain the goods, being given an order for this purpose. The plaintiff entered the warehouse building through a door in the State street side or end of the building, which appears not to have been the usual means of ingress, and while walking along a passageway stepped into an elevator well and received serious personal injuries. It appears from the evidence that on entering by the State street door the plaintiff was obliged to pass over an open trenchway, filled with irons standing on end, and to pass between such irons in reaching the passageway in which the elevator shaft was located; that the room was more or less dark, and that the plaintiff had never been in the building before; and there is much that may be said in support of the defendant's theory that the plaintiff was not exercising that degree of care which an ordinarily prudent man would have exercised under the circumstances, and if this were the only point in the case we should strongly lean toward a reversal of the judgment.

[2] But the plaintiff is not satisfied with the judgment. He says that the award of damages of $700 is entirely inadequate, and that it indicates a compromise verdict, and one which should not be permitted to prevail. The plaintiff produced evidence, which is not disputed, showing expenditures growing out of the injuries aggregating over $500, and there is no dispute that he has been unable to work for more than one year, and that he has suffered a good deal of pain and annoyance, and that he is not yet free from the injuries. His own witnesses say that the injuries are permanent in character, and the defendant's witnesses go no farther than to give the opinion that the plaintiff will be able to dispense with the use of a crutch or cane, but without indicating when this result may be reached, or that he will ever be perfectly well. His most serious injury appears to have been to the right hip joint, and all the witnesses agree that he was suffering more or less inconvenience at the time of the trial.

[3] Obviously, if the plaintiff was entitled to any recovery at all, he is not compensated for his injuries by an allowance of $700, which practically only covers his expenditures, and it is difficult to escape the conclusion that the jury must have been in doubt as to his right to recover at all, and reached the compromise verdict of $700 rather than disagree. The purpose of judicial trials is to approximate, at least, justice. The plaintiff is not entitled to recover if he contributed by his own negligence to the accident, even though he may have suffered much. Courts and juries have no legal or moral right to charge the defendant, unless the injury resulted from the negligence of the defendant, without negligence on the part of the plaintiff, and the verdict for $700 is wrong if the plaintiff was negligent. It is wrong if he was not, for it does not do substantial justice. If we look to the weight of evidence, as it appears in this case, the plaintiff went into this strange building by an unusual door, clambered over and through a barrier to reach the way which led to the elevator well, and then, in the increasing darkness, walked into a hole which was unguarded, it is true, but which was not in a position where the defendant's customers were likely to be alone. It may be that, with all the other surrounding conditions,

we are not in a position to say, as a matter of law, that his conduct amounted to contributory negligence; but in view of the parsimonious verdict we are of the opinion that considerations of justice require a new trial of this action. Either the plaintiff is not entitled to recover at all, or he is entitled to be compensated for his damages, and these questions a second jury may determine.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.

The court disapproves of the findings of fact that the defendant was guilty of negligence and that the plaintiff was free from contributory negligence.