—— GOUCH, Plaintiff, *v.* REPUBLIC STORAGE CO., INC., Defendant.

Supreme Court, New York County, July 10, 1925.

**Bailment — liability for goods in storage — action to recover damages for non-delivery of consignment of whisky stored in defendant's bonded warehouse on plaintiff's order — whisky stolen while in storage pending reshipment to Mexico — verdict of jury indicating lack of care in safeguarding whisky proper — plaintiff had property in liquor notwithstanding National Prohibition Act (41 U. S. Stat. at Large, 307, chap. 86, tit. 2) — verdict not compromise verdict.**

The verdict of a jury in plaintiff's favor, in an action for damages for the non-delivery of a consignment of whisky, stored in defendant's bonded warehouse on plaintiff's order and stolen therefrom pending its reshipment to Mexico, should not be set aside, where the issue as to whether or not the defendant had taken proper precautions to safeguard the liquor and prevent the theft was submitted to the jury and their verdict for plaintiff is a finding of one of proper care on defendant's part.

Notwithstanding the fact that the National Prohibition Act (41 U. S. Stat. at Large, 307, chap. 86, tit. 2) declares that liquor is not property, and that plaintiff imported and attempted a reshipment of the whisky in violation of said act, he had property therein since the government had taken no proceedings to confiscate it. The statutory declaration that liquor is not property must be regarded as a police regulation to protect government officials in the exercise of their duties. It does not apply as between private individuals until the government begins proceedings to confiscate the liquor.

Moreover, the verdict will not be set aside on the ground that it was a compromise verdict, where the jury apparently believed that the liquor was worth less than the value placed upon it by witnesses for the plaintiff, and more than the value placed upon it by witnesses for the defendant, since, being competent to determine the value thereof, their failure to adopt the figures of either cannot be regarded as an unlawful compromise.

MOTIONS by defendant to dismiss complaint, on the ground that sufficient facts had not been proved to constitute a cause of action, and to set aside verdict.

CRAIN, J.:

This action was for the recovery of $12,193 as damages for the non-delivery of twenty-seven barrels of whisky alleged to be the property of the plaintiff and to have been stored in the bonded warehouse maintained by the defendant. It was based upon the assertion that the defendant had not exercised proper care as a bailee of the goods, and that in consequence they were stolen.

The defendant contended that it was not responsible because the loss was due to a burglary, and that it had exercised proper care to safeguard the property. At the close of the plaintiff's case, and again at the close of the whole case, defendant's counsel moved to dismiss the complaint on the ground that the plaintiff had not proved facts sufficient to constitute a cause of action. The decision of these motions was reserved, and the case was submitted to the jury, and their verdict was taken subject to the opinion of the court. The jury found in favor of the plaintiff for the sum of $7,660.64. Defendant moved for a direction of a verdict in favor of the defendant, and moved to set aside the verdict rendered on the ground that it was excessive, contrary to the evidence and the weight thereof, and otherwise contrary to law.

The action arose as follows: The plaintiff, a hotelkeeper of Norwalk, Conn., purchased from a concern known as the Finance and Trading Company, in the spring of 1922, thirty barrels of whisky, which at the time were located in Havre, France. He caused the whisky to be shipped to New York by the White Star Liner *Olympic.* He employed a firm of custom house brokers, and a day before the whisky arrived he contracted to sell it to the Chauhtemoc Trading Company of the city of Mexico. He instructed his brokers to cause it to be reshipped on the Ward Line steamship *Esperanza.* The whisky was landed at the port of New York, gauged by customs officers, and taken under permits to the bonded warehouse of the defendant, there being an unexpected delay in connection with the making of reshipment to Mexico. Early in the following September the plaintiff called at the defendant's warehouse to pay storage charges and obtain delivery, and was informed that the warehouse had been broken into and all but three of the thirty barrels stolen. The issue as to whether or not the defendant had taken proper precautions to safeguard the property and prevent theft was submitted on conflicting evidence to the jury. Their verdict is a finding of a want of proper care on the defendant's part. The defendant, however, contends that the plaintiff had no property in the whisky, that the importation and attempted reshipment were illegal and prohibited acts, and that the plaintiff has not been damaged by the theft. The defendant further contends that the verdict rendered was a compromise verdict violative of the statute, and that it is unsupported by the evidence.

The clauses in the Federal statute (41 U. S. Stat. at Large, 307, chap. 85, tit. 2) declaring that liquor is not property are to be regarded as police regulations inserted for the purpose of protecting government officials in the exercise of their duties, but as between private persons there may be property in liquor despite

these provisions until the government has taken proceedings to confiscate it. This view is supported by the reasoning in *People* v. *Otis* (235 N. Y. 421, 423).

Two witnesses gave evidence as to value. They testified as experts. The jury did not adopt the figures of either. They appear to have believed that it was worth less than the value placed upon it by the plaintiff and more than that placed upon it by defendant's witness Traitel. It was competent for the jury to determine the value, and their verdict cannot be set aside as the result of an unlawful compromise.

The verdict must be allowed to stand and defendant's motions denied.