NEWBURGH DRESS CO., INC., Respondent, *v.* NADLER & NADLER, INC., Appellant.

Second Department, May 28, 1937.

*Frederick Zorn* [*Joseph Kahn* and *Frederick L. Weisler* with him on the brief], for the appellant.

*Charles S. Rosenschein,* for the respondent.

PER CURIAM. The action was brought to recover damages for breach of an oral contract for the manufacture of dresses by the plaintiff for the defendant. The jury found that the contract had thereafter been repudiated by appellant, who thus breached it, and assessed damages in the sum of $5,000, to which amount interest was added by the clerk from a date subsequent to the date of the breach.

There was ample support in the evidence for the finding, implicit in the verdict, that the pleaded oral contract was made. As the contract was made, it was enforcible although the writing contemplated by the parties was never executed. (*Pratt* v. *Hudson River Railroad Co.,* 21 N. Y. 305, 308; *Sherry* v. *Proal,* 206 id. 726; *Brauer* v. *Oceanic Steam Navigation Co.,* 178 id. 339; *Baer* v. *Durham Duplex Razor Co.,* 228 App. Div. 350; *1240 Third Ave., Inc.,* v. *Birns,* 232 id. 522; *Lockwood* v. *Embalmers Supply Co.,* 233 id. 189; Restatement, Contracts, § 26.) As the oral contract was thus made, there was no issue on the subject of its breach by the appellant. Respondent's damages were unliquidated. The appellant on the trial attacked respondent's figures as to its earnings during the unexpired term. The jury was not bound by the respondent's figures as to the earnings to which defendant was entitled to credit in the assessment of damages and in mitigation thereof. Under the circumstances, the verdict for plaintiff does not represent a compromise by the jury on the subject of defendant's liability. The addition of interest to the verdict was lawful. (Civ. Prac. Act, § 480; *McLaughlin* v. *Brinckerhoff,* 222 App. Div.

458; *Joannes Brothers Co.* v. *Lamborn* 226 id. 174; *Sweeney* v. *State*, 251 N. Y. 417.)

The judgment should be affirmed, with costs, and the appeal from the order denying defendant's motion for a new trial should be dismissed, as there is no such order in the record.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ.

Judgment unanimously affirmed, with costs.
Appeal from order dismissed.