JAMES C. VAN SICLEN and Another, Plaintiffs, *v.* IRVING T. BUSH, Defendant.

Supreme Court, Special Term, New York County, May 16, 1938.

*Harold H. Levin,* for the plaintiffs.

*Lowell M. Birrell,* for the defendant.

KOCH, J.   This is a motion to set aside the verdict, to vacate the judgment entered thereupon and for a new trial.

The action was brought to recover damages for libel which resulted, after a protracted trial, in a verdict for the plaintiffs in the sum of $116,000.   A motion was made at the conclusion of the trial to set aside the verdict upon the ground of excessiveness and upon all the other grounds set forth in section 549 of the Civil Practice Act, which was denied.

The reasons given for the making of this motion are twofold: (1) That the jury was influenced by negotiations for settlement, and (2) because of the irregularity and misconduct of the jury in using the quotient method in arriving at a verdict.

In support of their second contention plaintiffs submit the affidavit of Louis Levy, a dissenting juror, who states that the verdict given for the plaintiff by ten of the jurors was not his verdict; that the amount was arrived at by voting for an amount on a slip of paper and dividing the total of such voted amounts by twelve to the nearest even thousand dollars, it having been agreed in advance that the average should be the verdict of the jury.   The affidavit of Mrs Percy Sykes, the other dissenting juror, corroborates these statements.

Nowhere in these affidavits does it appear that any of the jurors were prejudiced or influenced in any way by the negotiations for settlement. On the other hand, plaintiffs present the affidavits of six of the jurors, who state that these negotiations in no way influenced their judgment and that the subject was never mentioned in their deliberations. I am satisfied from these affidavits that the jury was not so influenced and that no consideration was given by them to the attempts of counsel to effect a settlement during trial.

The main contention of the defendant, however, concerns itself with the manner in which the jury arrived at its verdict. A verdict should not be set aside merely because of a compromise upon the question of damages, as in this case; a compromise verdict is necessary in a majority of cases, where the amount claimed is unestablished. In the instant case the affidavits of six of the jurors, submitted by plaintiffs, show that the jury in its deliberations took a vote of ten to two that the defendant was to answer in damages. His liability was thus fixed. In fixing the amount no arbitrary inflexible procedure was adopted. The various amounts suggested by the jurors were first averaged and then a definite amount agreed upon. Upon the rendition of the verdict the jury was polled in open court and ten jurors stated that the amount arrived at was their verdict. (Civ. Prac. Act, § 463-a.)

The motion to set aside the verdict must be denied.