**UNITED STATES v. 4,925 ACRES OF LAND IN GRANT PARISH, LA., et al.**

No. 10975.

Circuit Court of Appeals, Fifth Circuit.

June 13, 1944.

Malcolm E. Lafargue, U. S. Atty., and Jared Y. Fontenot, Asst. U. S. Atty., both of Shreveport, La., Norman M. Littell, Asst. Atty. Gen., and Norman MacDonald, Atty., Department of Justice, and Wilma C. Martin, Atty, Department of Justice, both of Washington, D. C., for appellant.

No appearance for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

When the jurors in this condemnation case advised the Court that they could not agree on a verdict, the Court instructed them that each juror should write his valuation on a piece of paper and put it in a hat, and that they then should divide the total of the twelve valuations by twelve, and thus arrive at a verdict.

The quotient verdict thus obtained was accepted and judgment entered accordingly.

While jurors are not permitted to impeach their verdict by showing that same was reached by the quotient method, and while many Courts have allowed such ver-

dicts to stand where there was free and independent consideration of the amount of the verdict after dividing by twelve the sum of the twelve viewpoints, in the present case we are called upon to pass upon an instruction by the Court rather than the verdict of the jury. We are not concerned with an impeachment of the jury's verdict, nor with the mechanics by which the verdict was reached, but only with the propriety of an instruction by the Court. Quotient verdicts have been generally denominated "gambling verdicts" and this is an improper method to be used by jurors in arriving at a verdict. The instruction given in the present case constituted reversible error.

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.