Owen **JOHNSON**, Plaintiff-Appellant,

v.

**ERIE RAILROAD COMPANY**, Defendant-Appellee.

No. 74, Docket 24707.

United States Court of Appeals
Second Circuit.

Argued Nov. 15, 1957.

Decided Dec. 2, 1957.

Harry Chashin, New York City (Marcus & Levy, New York City, on the brief), for plaintiff-appellant.

J. Roger Carroll, of Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and LEIBELL, District Judge.

PER CURIAM.

On the retrial of this action which we ordered in Johnson v. Erie R. Co., 2 Cir., 236 F.2d 352, in reversing a verdict and judgment for the defendant, the jury awarded the plaintiff $1,500, upon which the trial judge entered judgment, denying plaintiff's motion for a new trial. While the verdict is not large, yet we could not hold it inadequate (assuming that we had any power thereto in the premises) in view of the uncertainties as to the injuries and damages appearing on the record. Plaintiff's assignment of error is based upon the judge's charge that the jury might consider whether he was guilty of contributory negligence in mitigation of damages. He asserts that on the facts he could not have been held negligent. But we cannot absolve him of negligence as a matter of law. At the time of his injury he was working in a stationary railroad car, stowing mail packages tossed to him from a truck alongside; and he was injured when a locomotive struck the car, throwing him against some hard object and thus injuring his leg. As said in Daulton v. Southern Pac. Co., 9 Cir., 237 F.2d 710, 713: "The lesson seems to be in Schulz v. Pennsylvania Railroad Co., 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668, that the jury can choose any reasonable hypothesis and that the rule works both ways." The jury may have concluded that plaintiff should have taken some concern for a possible striking and the way in which he should fall, knowing, as he had to know (the car being sandwiched between two others on a spur track), the direction from which any blow must come. At least this does not seem too unreasonable an hypothesis for the jury to choose.

It is to be noted that our former opinion discusses and inferentially approves of a charge on the issue of contributory negligence. And plaintiff's counsel assumed as much in his request to charge and on his motion for a directed verdict. We hold that the charge was reasonable and proper on the record.

Judgment affirmed.