Thomas F. MAHER, Plaintiff-Appellant,

v.

ISTHMIAN STEAMSHIP COMPANY, Defendant-Appellee.

No. 162, Docket 24590.

United States Court of Appeals
Second Circuit.

Argued Jan. 17, 1958.

Decided March 11, 1958.

Miller & Seeger, Brooklyn, N. Y. (Israel G. Seeger, Brooklyn, N. Y., of counsel), for plaintiff-appellant.

Kirlin, Campbell & Keating, New York City (Louis J. Gusmano, New York City, of counsel), for defendant-appellee.

Before MEDINA and MOORE, Circuit Judges, and GALSTON, District Judge.

MEDINA, Circuit Judge.

Thomas F. Maher, a merchant seaman, sued the defendant steamship company under the Jones Act, 46 U.S.C.A. § 688, to recover damages for personal injuries sustained in the course of his employment aboard the S.S. Steel Traveler on December 18, 1952, charging negligence and unseaworthiness of the vessel. After the jury rendered a verdict in plaintiff's favor for $3,500, he moved under Fed.Rules Civ.Proc. Rule 59(a), 28 U.S. C.A. to set aside the verdict and for a new trial upon two grounds: (1) that the verdict, insofar as the award of damages is concerned, was contrary to the weight of the evidence and was inadequate; and (2) that the allegedly inadequate verdict was the result of an improper compromise on the part of the jury. This motion was denied and we are concerned on this appeal only with the contentions asserted with reference to the amount of the verdict.

Maher was an oiler. After coffee time he returned to the engine room and proceeded to a shaft alley to find a plank for a staging to be used in connection with work on the port boiler. As he came out of the shaft alley with the plank on his shoulder he fell into an opening about 20″ by 36″, caused by the removal of one of the deck plates. There was ample light and the opening was plainly visible, but the evidence on the question of contributory negligence was conflicting. Maher testified that the deck plate was not missing when he entered the shaft alley to get the plank, that he was exercising due care but that the deck plate when removed was placed against the bulkhead out of his view. Another witness testified that it was lying on the deck a short distance from the opening and was readily to be seen. That plaintiff's injuries were serious is not disputed. He was out of work for a prolonged period and in the fall of 1954 was operated on for the removal of a herniated disc in his spine. The steamship company introduced testimony supporting the theory that plaintiff was well enough to work after a time but chose not to do so; and there was no claim for medical expenses as the matter of main-

tenance and cure had been disposed of by agreement and had been paid.

The charge was unexceptionable and contained the usual instructions relative to damages and to the mitigation or diminution of the recovery in proportion to such contributory negligence as the jury might find.

The jury deliberated for several hours, reported that they were "hopelessly deadlocked," but returned for further consideration of the issues at the suggestion of Judge Dimock, and, about an hour later, reported a unanimous verdict in favor of plaintiff in the amount of $3,500.

The substance of plaintiff's claim on this appeal is that the injuries were so serious and the pain and suffering of plaintiff so self-evident, that the verdict is on the very face of the matter inadequate and the result of an improper compromise between the jurors who wanted to find for the shipowner and those who wished to award substantial damages far in excess of what plaintiff regards as an obviously inadequate sum.

█ █ It is now well settled that the Federal Courts of Appeal will not review the action of the trial court in granting or denying a motion for a new trial for error of fact; and this rule has frequently been applied where the ground of the motion was that the damages awarded by the jury were excessive or inadequate. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Stevenson v. Hearst Consol. Publications, 2 Cir., 214 F.2d 902, certiorari denied 348 U.S. 874, 75 S.Ct. 110, 99 L.Ed. 688; Johnson v. Erie R. Co., 2 Cir., 250 F.2d 283; see also Hulett v. Brinson, 97 U.S.App.D.C. 139, 229 F.2d 22; Coca Cola Bottling Works, Inc. v. Hunter, 95 U.S.App.D.C. 83, 219 F.2d 765; Arnaud's Restaurant v. Cotter, 5 Cir., 212 F.2d 883, certiorari denied 348 U.S. 915, 75 S.Ct. 295, 99 L.Ed. 717; Capella v. Zurich General Acc. Liability Ins. Co., 5 Cir., 194 F.2d 558; Frasca v. Howell, 87 U.S.App.D.C. 52, 182 F.2d 703. But see Butler v. General Motors Corporation, 2 Cir., 240 F.2d 92. It is clear that it was not error to rule against the first part of plaintiff's motion, which asserted the claim that the verdict was contrary to the weight of the evidence and inadequate.

What is the rule in the federal courts on the subject of allegedly compromise verdicts, or quotient verdicts which are governed by the same principles?

The rules formulated by most courts on the subject are easily stated (see 53 Am.Jur., Trial §§ 1028–1033), but the application of these rules to particular cases is sometimes difficult. Thus, "compromise" verdicts in which jurors reach agreement by means other than a conscientious examination of the evidence, and "quotient" verdicts which involve agreement by the jurors to be bound by the quotient before it is determined, are invalid. 53 Am.Jur., Trial §§ 1033, 1030, 1031. The New York case law on the point is so extensive that it seems helpful and illuminating to consider the limited number of decisions of the federal courts against the background of these New York cases.

█ New York courts have set aside "compromise" verdicts because of a compromise by the jurors on the question of the defendant's liability, but not when the jurors compromised or harmonized their views as to the amount of damages. McCormick v. Rochester Ry. Co., 133 App.Div. 760, 117 N.Y.S. 1110, affirmed 198 N.Y. 510, 92 N.E. 1090; Driscoll v. v. Nelligan, 46 App.Div. 324, 61 N.Y.S. 692. Since neither the affidavits nor the testimony of jurors are generally admissible to impeach their verdict, Dana v. Tucker, 4 Johns., N.Y., 487; see Harvey v. Rickett, 15 Johns., N.Y., 87; Moses v. Central Park, N. & E. R. R. Co., 3 Misc. 322, 23 N.Y.S. 23; Conklin v. Hill, 2 How. Pr. 6; (the rule in the federal courts is the same, McDonald v. Pless, 238 U.S. 264, 267, 35 S.Ct. 783, 59 L.Ed. 1300; Armentrout v. Virginian Ry. Co., D.C., S.D.W.Va., 72 F.Supp. 997, 1000; Consolidated Ice-Mach. Co. v. Trenton Hygeian Ice Co., C.C.D.N.J., 57 F. 898, 900), the verdict must be inconsistent with the facts adduced at the trial if the review-

ing court is to reverse it on the ground of an improper compromise by the jury. Such an inconsistency is most clearly apparent when the plaintiff sues for a liquidated sum, as for money due under a contract, where the only defense is a denial of the obligation, and the verdict for the plaintiff is in an amount substantially less than that claimed. In such cases the verdict is set aside since it is evident on the face of the record that the verdict is the result of an improper compromise on the question of defendant's liability. Clark v. Foreign Products Co., 194 App. Div. 284, 185 N.Y.S. 99; accord, Friend v. Morris D. Fishman, Inc., 302 N.Y. 389, 98 N.E.2d 571; Angresani v. Tozzi, 245 N.Y. 558, 157 N.E. 856; Van Der Harst v. Koenig, 249 App.Div. 235, 291 N.Y.S. 952; Goldberg v. Shapiro, Sup., 140 N.Y.S. 1016; Heller v. Goldberg, Sup., 148 N.Y.S. 261; Seligman v. Linder, Sup., 117 N.Y.S. 192; Meyers v. Zucker, Sup., 91 N.Y.S. 358; Blackwell v. Glidden Co., 208 App.Div. 317, 203 N.Y.S. 380; Breymann v. Morris & Cummings Dredging Co., 202 App.Div. 464, 195 N.Y.S. 441; Ferguson v. Chuck, 194 App.Div. 583, 185 N.Y.S. 800; Bigelow v. Garwitz, 61 Hun 624, 15 N.Y.S. 940; Myers v. Myers, 86 App.Div. 73, 83 N.Y. S. 236; Delisky v. Leonard, 189 App.Div. 623, 179 N.Y.S. 112. Similarly, when the action is brought for a sum which can be computed mathematically from the evidence introduced at the trial, the reviewing court will make the necessary computations and set aside a verdict not consistent with the evidence. Kraft Hat Mfg. Corp. v. Universal Carloading & Distributing Co., City Ct., 7 N.Y.S.2d 679; Prussiano v. Sunrise Plastering Corp., 285 App.Div. 1182, 141 N.Y.S.2d 277, reargument denied 286 App.Div. 878, 143 N.Y.S.2d 818, appeal denied 286 App.Div. 969, 146 N.Y.S.2d 476; Feinblatt v. Unterberg, 84 Misc. 459, 146 N.Y.S. 188; Stockman v. Slater Bros. Cloak & Suit Coat Co., Sup., 182 N.Y.S. 815. In a case closely analogous to those in which suit was brought for a liquidated sum, the verdict in an action for conversion, which awarded plaintiff less than was claimed, was set aside because plaintiff's evidence of the value of the goods converted was uncontradicted and thus should have been accepted by the jury as the measure of recovery if they found for plaintiff on the issue of conversion. Deitelbaum v. Harrison & Meyer, Sup., 178 N.Y.S. 388; see also Adler v. Savoy Plaza, Inc., Sup., 98 N.Y.S.2d 177, affirmed 279 App.Div. 110, 108 N.Y.S.2d 80. But if, in the opinion of the reviewing court, the jury could have disbelieved the plaintiff's evidence as to the amount of damage suffered, Hamilton v. Owego Waterworks, 22 App.Div. 573, 48 N.Y.S. 106, affirmed 163 N.Y. 562, 57 N.E. 1111; accord, Winchester v. Buff, 2 A.D.2d 929, 156 N.Y.S.2d 453; Gouch v. Republic Storage Co., 125 Misc. 791, 211 N.Y.S. 433, affirmed 218 App.Div. 584, 219 N.Y.S. 46, reversed on other grounds 245 N.Y. 272, 157 N.E. 136, certiorari denied 275 U.S. 567, 48 S.Ct. 140, 72 L.Ed. 430; Lawson v. Wells, Fargo & Co., Sup., 113 N.Y.S. 647; see E. Candia & Co. v. Rubin, 209 App.Div. 357, 204 N.Y.S. 590; cf. Camp v. Camp, 244 App.Div. 866, 279 N.Y.S. 757, the value of work performed, Hogan v. Rosenthal, 127 App.Div. 312, 111 N.Y.S. 676, or the amount remaining unpaid on a contract, Newburgh Dress Co. v. Nadler & Nadler, Inc., 251 App. Div. 330, 296 N.Y.S. 158, a verdict for plaintiff in an amount less than was sought will not be set aside as based on an improper compromise.

There are several other cases in which, because of the particular facts of each case, the reviewing court inferred from the amount of the verdict that the jurors compromised their views on the question of the defendant's liability and thus the verdict was set aside. In two such cases the record clearly disclosed the fact of the compromise. In the first of these, just before announcing the verdict, the foreman told the judge that the plaintiff was to get only one-half compensation for his injury, and the amount awarded was one-half the amount testified to as damages. Maltz v. New York Butchers' Dressed Meat Co., Sup., 198 N.Y.S. 222. In the other case, in addition to colloquy

between the judge and jury, the verdict itself contained the statement that the jury could reach agreement only by compromise on the question of whether the defendant was negligent in causing the plaintiff's injury. Wiegand v. Fee Bros. Co., 73 App.Div. 139, 76 N.Y.S. 872. Another negligence action in which the verdict was set aside involved the question of the plaintiff's contributory negligence. Miller v. Barker, Rose & Clinton Co., 173 App.Div. 186, 158 N.Y.S. 865. In this case, although the plaintiff had spent more than $500 on medical expenses, had been out of work for more than one year, and was permanently injured, the verdict in his favor was for only $700. The court inferred from the amount of the recovery that the jurors must have compromised their views on the question of plaintiff's contributory negligence, which under New York law is a bar to any recovery whatever. In another case the parties agreed, in their argument before the reviewing court, on the method which must have been adopted by the jury in arriving at its verdict. Cohen v. International Brokerage & Clearing Co., 211 App.Div. 311, 207 N.Y.S. 449. Indeed, it was only because of such an agreement that the court could determine that the jury had to compromise on the question of the defendant's guilt on the charge of usury in order to reach its conclusion. Plaintiff sued defendant for the conversion of furs, allegedly worth $20,000, pledged to secure a loan of $9,000. When plaintiff defaulted in his payments, defendant sold the furs. At the trial plaintiff sought to prove that defendant was guilty of usury, and claimed that thus the debt was void. The jury returned a verdict for plaintiff in the amount of $4,159, and, on appeal, the parties agreed that this was arrived at by reducing the value of the furs by 40% which was the drop in their market value, subtracting the $9,000 which defendant loaned to plaintiff, and adding to this amount all sums in excess of 6% interest which plaintiff had paid to defendant prior to default. Since defendant would not have been liable for conversion had he not been guilty of usury, and since defendant would not have been entitled to the $9,000 which he had loaned had he been guilty of this charge, the court held that plaintiff could not waive his claim for a higher amount because the jury did not merely compromise on the value of the furs, but also compromised their views on defendant's liability. Thus, the verdict was set aside.

From an early date "quotient" verdicts, arrived at by agreement among the jurors to be bound by the amount before the quotient is actually determined have been held by the New York courts to be invalid. Harvey v. Rickett, 15 Johns., N.Y., 87; see Moses v. Central Park, N. & E. R. R. Co., 3 Misc. 322, 23 N.Y.S. 23; Dana v. Tucker, 4 Johns., N.Y., 487. But, if, on the other hand, the jury agrees to accept the quotient as its verdict, only after the amount has been determined, the verdict is not subject to attack. Conklin v. Hill, 2 How.Pr. 6; Van Siclen v. Bush, 168 Misc. 878, 6 N.Y.S.2d 173, reversed on other grounds 254 App.Div. 851, 6 N.Y.S.2d 748, affirmed 256 App.Div. 965, 11 N.Y.S.2d 223, affirmed 279 N.Y. 753, 18 N.E.2d 694; see Moses v. Central Park, N. & E. R. R. Co., supra; Dana v. Tucker, supra.

The comparatively few federal court decisions on the question of the validity of compromise or quotient verdicts are in accord with those of the New York courts discussed above. Thus, in an action for damages for breach of contract, when evidence was introduced at the trial from which the jurors could draw their own conclusions as to the damages actually suffered by plaintiff, as distinguished from an action on a contract for a liquidated sum, a verdict for less than plaintiff claimed was not set aside as based on improper compromise. Brunswick-Balke-Collender Co. v. Foster Boat Co., 6 Cir., 141 F.2d 882, 885. In a negligence action, however, where the evidence of the amount of damages was not disputed but the verdict for plaintiff, returned after a short deliberation on a Saturday afternoon, was grossly inadequate in view of the testimony regarding

the damages, the verdict was set aside because of the court's inference that it was based on a compromise on the question of defendant's negligence. Bass v. Dehner, D.C.D.N.M., 21 F.Supp. 567; cf. Stetson v. Stindt, 3 Cir., 279 F. 209, 23 A.L.R. 302; Glenwood Irr. Co. v. Vallery, 8 Cir., 248 F. 483.

 The federal court view of the validity of quotient verdicts also parallels that of the New York courts. Thus, while the jury's use of a quotient merely as the basis for further deliberation does not vitiate the verdict, Consolidated Ice-Mach. Co. v. Trenton Hygeian Ice Co., C.C.D.N.J., 57 F. 898; Johnson v. Northern Pac. Ry. Co., C.C.E.D.Wash., 46 F. 347, 349–350; Parshall v. Minneapolis & St. L. Ry. Co., C.C.D.Minn., 35 F. 649, 650–651, a verdict was set aside where it was agreed on only after the trial judge's instruction that the jury, upon reporting that it was deadlocked, should be bound by a quotient based on each juror's ballot. United States v. 4,925 Acres of Land in Grant Parish, La., 5 Cir., 143 F.2d 127. Also the federal courts have repeatedly stated that an agreement by the jurors to be bound in advance by such a quotient would invalidate the verdict. McDonald v. Pless, 238 U.S. 264, 267, 35 S.Ct. 783, 59 L.Ed. 1300; Armentrout v. Virginian Ry. Co., D.C.S.D.W.Va., 72 F.Supp. 997, 1000; Parshall v. Minneapolis & St. L. Ry. Co., supra.

Thus we find the rule to be that the record itself viewed in its entirety must clearly demonstrate the compromise character of the verdict, otherwise it is not error for the trial judge to refuse to set the verdict aside on this ground.

When we apply this principle to the facts of the case before us, it is clear that the verdict must stand. That the jury reported themselves "hopelessly deadlocked" is of no significance as, at the suggestion of Judge Dimock, they returned for further deliberation and one inference is as good as another on the subject of what the jurors discussed in the period of about an hour after they reported themselves unable to agree upon a verdict. No pressure of any kind was exerted on the jury; nor had the deliberations of the jury been unduly prolonged.

There were clear-cut issues on the subject of the injuries, the pain and suffering, and especially on the critical question of contributory negligence. On each of these issues the credibility of plaintiff was necessarily involved. In applying the rule of comparative negligence any number of rational conclusions, in one combination or another, could have resulted in the verdict as rendered. We can find no basis whatever for the claim that this verdict was arrived at by means of any improper compromise; nor does the well-settled principle above discussed permit us to indulge in speculation and guess work, for which there is no support in the record other than plaintiff's disappointment at the amount of the verdict.

Affirmed.