BIRNEY BLACKWELL, Respondent, *v.* THE GLIDDEN COMPANY, Appellant.

First Department, March 7, 1924.

Trial — verdict — issue whether plaintiff was entitled to commissions in addition to salary — verdict for commissions less salary is compromise — plaintiff not entitled to commissions not claimed in complaint — contract was too indefinite to be enforced and complaint should be dismissed.

A verdict in an action to recover commissions is a compromise verdict, where the issue distinctly raised and presented to the jury was, whether or not the plaintiff was entitled to commissions in addition to his salary and the verdict returned was for commissions less the amount of salary received.

It was error to permit the plaintiff to recover commissions for sales made after the last date alleged in the complaint, where the complaint was not amended, and the defendant objected to the admission of evidence to prove such sales.

Furthermore, the evidence shows that the contract for commissions was so indefinite as to be unenforcible, and, therefore, the judgment in favor of the plaintiff must be reversed and the complaint dismissed.

APPEAL by the defendant, The Glidden Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of April, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 9th day of April, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Roger Hinds [Leonard J. Reynolds* of counsel], for the appellant.

*Blackwell Bros. [George E. Blackwell* of counsel], for the respondent.

FINCH, J.:

The plaintiff sued upon an alleged oral agreement to pay him a weekly salary plus ten per cent commission on the gross amount of sales made by or through the procurement of the plaintiff. All the salary has been paid, and this action was brought for the commissions. The defendant denied that there was any agreement except to pay a weekly salary. The defendant's liability was, therefore, predicated on a clear issue of fact, namely, whether or

not there was an agreement to pay commissions in addition to salary. This issue the court in its charge clearly submitted to the jury, instructing the jury that if they found the agreement as claimed by the plaintiff he was entitled to recover the full commissions demanded, subject to a possible deduction in connection with one disputed item of commissions. The jury, however, brought in a verdict which they expressly stated to be the full amount of the plaintiff's claim less the amount which he had received by way of salary. It is clear that such a verdict is a compromise verdict, not based on the issues raised by the pleadings and charged by the court. A judgment based on such a verdict cannot be sustained. (*Zeilian* v. *Beggs & Co.,* 153 App. Div. 687; *Clark* v. *Foreign Products Co., Inc.,* 194 id. 284.)

It further appears that although by his complaint the plaintiff claimed commissions on sales made up to October 1, 1919, he was allowed to recover commissions on sales made after such date, without the complaint having been amended, and over the objection and exception of defendant to the admission of evidence of such sales. As was said in *Walrath* v. *Hanover Fire Ins. Co.* (216 N. Y. 220, 225): "A party must recover not only according to his proofs, but according to his pleadings."

The foregoing would require a new trial, but in addition it appears that the contract, as testified to by the plaintiff, in so far as it concerns commissions, is so indefinite as to be unenforcible, and requires a dismissal of the complaint. The plaintiff testified regarding the terms of his employment as follows: " The time after I left Mr. Burns and Mr. Hasse I called on Mr. Burns and he said, ' You can go to work for us and we will pay you $35 a week.' ' I said to Mr. Burns: ' How can that be increased? ' He said: ' We will pay you according to what you produce. We pay well, Mr. Blackwell.' I said: ' How would you arrive at my compensation? ' He said: ' We will pay ten per cent of your sales.' "

Later the plaintiff himself testified: " My conversation with Mr. Burns was so indefinite I am not clear in my mind whether I am entitled to commissions, regardless of what salary and expenses are paid me, or whether I am entitled to commissions only after salary is deducted, after salary and expenses are deducted. For instance, suppose my sales were $10,000 and my salary was $1,000, possibly my commissions should be based on ten per cent of $9,000."

The contract being oral and resting upon the testimony of the plaintiff, if he characterizes this alleged contract as indefinite this would seem a complete bar.

It is a vital and fundamental attribute of a contract that it be definite as to its essential terms. In *Bluemner* v. *Garvin* (120

App. Div. 29, 34) the court said: " If an agreement is so uncertain and ambiguous that the court is unable to collect from it what the parties intended, the court cannot enforce it, and since there is no obligation there is no contract.   *   *   *   If the offer is in any case so indefinite as to make it impossible for a court to decide just what it means and to fix exactly the legal liability of the parties, its acceptance cannot result in an enforcible agreement."

It follows that the judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.