ANNA MARY ANGRESANI, Respondent, *v.* JAMES TOZZI, Appellant.

First Department, June 4, 1926.

Contracts — action to recover on contract of employment of plaintiff as housekeeper for defendant — complaint alleged contract for specific amount per month — verdict for part of amount claimed is compromise and cannot be sustained — validity — contract involved sexual immorality and is invalid.

In an action to recover the amount alleged to be due the plaintiff under an alleged contract whereby the defendant employed the plaintiff at a stipulated amount per month to act as housekeeper for him, the verdict of the jury in an amount less than that demanded cannot be sustained, for plaintiff is entitled to recover the full amount or nothing at all, and, therefore, the verdict is a compromise and must be set aside.

Furthermore, the alleged contract on which the action is based is invalid and unenforcible, since it appears from the record that the agreement between the parties contemplated sexual immorality on the part of the plaintiff and had for its direct object the promotion of illicit sexual intercourse.

APPEAL by the defendant, James Tozzi, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of May, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 13th day of May, 1925, denying defendant's motion for a new trial made upon the minutes.

*Henry Silverman* of counsel [*Irwin Weinstein* with him on the brief], for the appellant.

*Andrew Byrne* of counsel [*Leonard F. Fish* with him on the brief; *Thomas J. O'Neill*, attorney], for the respondent.

FINCH, J. The complaint alleges that the plaintiff entered into a contract with the defendant to act as housekeeper for the latter and that for such service the defendant agreed to pay her $150 a month; that she began working under said contract on or about May 1, 1918, and until about the 6th day of November, 1922, continued in said employment, duly performing all the terms of the contract, but that the defendant has refused to pay the amount due the plaintiff, although demanded, wherefore, the plaintiff demands judgment against the defendant for the sum of $8,500. The jury awarded plaintiff a verdict in the sum of $2,500. There is nothing to be found in the record upon which the award of such an amount can be justified. The plaintiff's demand was for a definite amount for services rendered over a certain period at a fixed rate. The amount claimed was due in its entirety, if the contract upon which the action was predicated was made. If the

contract was not made, then nothing was due from the defendant. Upon no legal theory can the award of $2,500 be justified. It stands out as nothing but a compromise and cannot be sustained.

There is a more fundamental objection to the affirmance of the judgment, however, which goes to the root of the plaintiff's cause of action. It clearly appears from the record that any agreement between the parties was founded upon an illegal and immoral consideration, and hence cannot be enforced. From the plaintiff's testimony, she was a married woman at the time she met the defendant and had been deserted by her husband. The defendant was a married man and the plaintiff met him at the home of his sister-in-law, which apprised or should have apprised the plaintiff of his marital status. At that time plaintiff was employed at a salary of eighteen to twenty dollars a week. After going about with the defendant for some little time, the plaintiff went to live with the defendant in a two-room furnished apartment, consisting of a kitchen and bedroom and received twenty dollars a week for the household, the defendant paying the bills. The plaintiff very frankly testified that at this place and at an apartment which was subsequently rented, she lived and cohabited with the defendant as man and wife. The following question and answer taken from the examination of the plaintiff will suffice to show what really took place: " Q. You were to get a salary in other words, for maintaining that relationship with him, is that right? A. Yes. Well, I never did receive it." Under these circumstances it is obvious that any agreement which the plaintiff made with the defendant involved sexual immorality and had for its direct object the promotion of illicit sexual intercourse. Such a contract is against public policy and cannot be enforced. In 13 Corpus Juris (§ 402) the general rule is stated as follows: " A promise in consideration of future illicit cohabitation is given on an immoral consideration and is void whether made by parol or under seal. And the same is true of all agreements which are based on, as a consideration, or which contemplate present or future illicit cohabitation or prostitution. If the object of the agreement is to induce immorality, no technical nicety in the instrument, or stipulation of moneyed consideration, or form of deed or writing can give it validity. Such agreements are void *in toto*."

It follows that the judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., MERRELL, McAVOY and WAGNER, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.