SEYMOUR FRIEND, Respondent, *v.* MORRIS D. FISHMAN, INC., Appellant.

Argued March 5, 1951; decided April 12, 1951.

*S. Sawyer Le Vay* for appellant. The jury obviously rendered a compromise verdict which the court should have set aside on appellant's motion. (*Angresani* v. *Tozzi,* 217 App. Div. 642, 245 N. Y. 558; *Blackwell* v. *Glidden Co.,* 208 App. Div. 317, 239 N. Y. 545; *Clark* v. *Foreign Products Co.,* 194 App. Div. 284; *Ferguson* v. *Chuck,* 194 App. Div. 583; *Hatch* v. *Attrill,* 118 N. Y. 383; *Breymann* v. *Morris & Cummings Dredging Co.,* 202 App. Div. 464; *Delisky* v. *Leonard,* 189 App. Div. 623.)

*Milton M. Mokotoff* for respondent. The jury's verdict was not a compromise. (*Hollwedel* v. *Duffy-Mott Co.,* 263 N. Y. 95; *McClelland* v. *Climax Hosiery Mills,* 252 N. Y. 347; *Davis* v. *Dodge,* 126 App. Div. 469; *Koehler* v. *Adler,* 78 N. Y. 287; *Poel* v. *Brunswick-Balke-Collender Co.,* 159 App. Div. 365.)

*Per Curiam.* The court explicitly and without objection instructed the jurors that, if they found that plaintiff and defendant had entered into a contract for employment, they were under the necessity of returning a verdict for $3,360 — and that was a proper charge, since there was nothing to show that plaintiff was entitled to a penny less than that amount as damages. The ensuing verdict for the lesser sum of $2,400 was a compromise, rendered in disregard of both evidence and charge and may not stand. (See, e.g., *Angresani* v. *Tozzi*, 245 N. Y. 558, affg. 217 App. Div. 642; *Blackwell* v. *Glidden Co.*, 239 N. Y. 545, affg. 208 App. Div. 317; *Hatch* v. *Attrill*, 118 N. Y. 383, 389; *Van Der Harst* v. *Koenig*, 249 App. Div. 235, 236.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.