■ MASO MACHINE & TOOL CORP., Respondent, v. FIRST NATIONAL CITY BANK OF NEW YORK, Defendant-Appellant and Third-Party Plaintiff. CHEMICAL BANK NEW YORK TRUST COMPANY et al., Third-Party Defendants.— Judgment in favor of plaintiff, modified, on the law and on the facts, to the extent of deleting the first decretal paragraph and directing a new trial on the first cause of action, with costs to abide the event. The verdict is against the weight of the credible evidence on the question of plaintiff's negligence. (*Morgan* v. *United States Mtge. & Trust Co.,* 208 N. Y. 218; *Ford, Bacon & Davis* v. *Irving Trust Co.,* N. Y. L. J., May 18, 1934, p. 2423, col. 1, affd. 242 App. Div. 821, mot. for lv. to app. den. 266 N. Y. liv; *Stumpp* v. *Bank of New York,* 212 App. Div. 608, 613–614; *Screenland Mag.* v. *National City Bank of N. Y.,* 181 Misc. 454.) Moreover, it would appear the verdict is in the nature of a compromise and not in accord with the evidence and the charge. (*Friend* v. *Morris D. Fishman, Inc.,* 302 N. Y. 389.) Concur — McNally and Steuer, JJ.; Rabin, J. P., concurs in result; Stevens and Eager,

JJ., dissent in the following memorandum: We would affirm the judgment entered upon the verdict of the jury. The issues of fact were properly and fairly submitted to the jury for determination upon an adequate charge. The verdict, in our opinion, is not against the weight of the evidence and should not be set aside on the theory that it was a compromise verdict. In this connection, we agree with the statements made by the trial court on denial by him of the motion to set aside the verdict, to wit: " The grounds for this motion were all covered by the court's charge to the jury, and indeed, the jury's requests for further instructions denoted a grasp of and an insight into both the law and the facts. The figures found by the jury do not have any basic incongruities and this court cannot say they are clearly outside the area of the court's instructions. To psychoanalyze the mental processes of the jury now and to reconstruct subjectively its manner of arriving at a verdict, would be an exercise in futility."