■ CARMELA M. LALLO et al., Respondents, v. W. T. GRANT Co., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from (1) an interlocutory judgment of the Supreme Court, Queens

County, dated May 6, 1968, in favor of plaintiffs on the issue of liability, upon a jury verdict after trial on that issue alone, and (2) an order of said court dated April 22, 1968 and made after trial before the same jury on the issue of damages, which order (a) set aside for inadequacy so much of the jury's verdict on the issue of damages as was in favor of the injured plaintiff, (b) directed a new trial as to that plaintiff on that issue only and (c) refused to set aside the damage verdict for the plaintiff husband. Order and interlocutory judgment reversed, on the law and the facts and in the interests of justice; verdict in favor of both plaintiffs upon both trials set aside; and new trial granted as to both plaintiffs on all the issues, with costs to appellant to abide the event. The jury knew from the start that the female plaintiff had suffered a bad injury. After trial on the issue of liability the jury deliberated several hours and, returning to the courtroom, announced that it had reached an 8-4 "final ballot" in favor of plaintiffs. It then asked, "Will this jury be charged with responsibility to determine a settlement if the ballot goes ten-two in favor of the plaintiff?" After an affirmative answer the jury retired again and shortly thereafter returned with a 10-2 verdict in favor of plaintiffs. The same jury then heard the proof on the issue of damages and returned a 10-2 verdict in favor of plaintiffs. The damage verdict for the injured plaintiff was thereafter set aside by the trial court upon a finding of gross inadequacy; and a new trial was directed as to that plaintiff, on the issue of damages only, but not as to the plaintiff husband on his claim for medical expenses, etc. It is not disputed that this finding was proper. On the whole record herein, in our opinion the foregoing sequence of events indicates that the jury would not have resolved liability in favor of plaintiffs if it had not been assured it would be in a position to determine the sums to be awarded in damages. At the same time it is reasonable to assume, from the undisputed fact that the award was grossly inadequate, that at least some of the jurors thought that the injuries merited an evaluation substantially higher than the sum ultimately awarded. In the circumstances, it may be concluded that there was a reciprocal relinquishment of convictions upon liability and damages in order to arrive at a verdict. Such a compromise may not stand (*Friend* v. *Morris D. Fishman, Inc.*, 302 N. Y. 389; *Mercado* v. *City of New York*, 25 A D 2d 75; *Kepner* v. *Barry*, 24 A D 2d 825; *Boudreau* v. *Damas Food Market Corp.*, 49 Misc 2d 913; 8 Carmody-Wait 2d, N. Y. Prac., § 58:8). In the circumstances, the interests of justice require that a new trial be had with respect to all the issues and not (as plaintiffs urge) with respect to the issue of damages only (cf. *Kepner* v. *Barry, supra*; *Klem* v. *Pavarini Constr. Co.*, 24 A D 2d 486). Inasmuch as the husband's cause of action is necessarily dependent on that of the injured wife, the new trial should be had as to both plaintiffs. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.