■ RAINBOW FOOD CORP. et al., Respondents-Appellants, v TASTY DONUT, INC., et al., Appellants-Respondents. (Action No. 1.) TASTY DONUT, INC., et al., Appellants-Respondents, v RAINBOW FOOD CORP. et al., Respondents-Appellants. (Action No. 2.) —In an action for rescission of a contract based on fraud in the inducement (Action No. 1), and a related action to recover damages for failure to pay promissory notes (Action No. 2), which were tried jointly before a jury, the appellants-respondents, Tasty Donut, Inc. and Nick Panteloukas, the defendants

in Action No. 1 and the plaintiffs in Action No. 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated February 26, 1990, as granted the motion of the respondents-appellants Rainbow Food Corp. and Luis Varela, the plaintiffs in Action No. 1 and the defendants in Action No. 2, for a new trial on the issue of the amount of restitution owed by the appellants-respondents to Rainbow Food Corp. and Luis Varela unless the appellants-respondents stipulated to increase the amount of the award from the principal sum of $2,500 to the principal sum of $42,352, and denied the appellants-respondents' cross motion for a new trial on all issues; and Rainbow Food Corp. and Luis Varela cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for an award of $57,352 as a matter of law.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion of Rainbow Food Corp. and Luis Varela is denied, and the cross motion of Tasty Donut, Inc. and Nick Panteloukas for a new trial on all issues is granted.

In July 1983 Luis Varela, on behalf of Rainbow Food Corp. (hereinafter Rainbow Food), contracted to purchase a restaurant business from Nick Panteloukas acting on behalf of Tasty Donut, Inc. (hereinafter Tasty Donut). Shortly after assuming control of the restaurant, Varela allegedly realized that the gross receipts of the restaurant were substantially less than had been represented to him by Panteloukas. As a result of the alleged deficiency in earnings, Varela claims that he was unable to meet the expenses of the business and pay promissory notes given to Panteloukas as consideration for the purchase. Rainbow Food and Varela, as the plaintiffs in Action No. 1, sought rescission of the contracts and return of that portion of the purchase price which had been paid, on the ground of fraudulent inducement. Tasty Donut and Panteloukas as the plaintiffs in Action No. 2, denied the falsity of the alleged misrepresentation and sought to recover the amounts due on the unpaid promissory notes.

It is undisputed that the evidence establishes that prior to the commencement of these actions Varela had made payments totaling at least $42,352 towards the purchase price. Varela also claims to have made an additional payment to Panteloukas of $15,000 in cash. Panteloukas denies receiving the cash payment.

Nevertheless, the jury, although rendering a verdict in

favor of Rainbow Foods and Varela, effectively granting the requested relief of rescission, awarded those parties a mere $2,500. Following the announcement of the verdict, the court submitted to the jury the supplemental question "Did the plaintiff, at the time of closing, pay the defendants $15,000 in cash", to which the jury replied "Yes". Therefore, the $2,500 award was contrary to the evidence adduced at trial and is clearly insufficient to place Rainbow Food and Varela in a position of *status quo ante (see, Vitale v Coyne Realty,* 66 AD2d 562; CPLR 3002 [e]). The amount owed to Rainbow Food and Varela, if any, was at a minimum $42,352, and the verdict rendered, as well as the jury's answer to the supplemental question, reflects an apparent compromise by the jury on the issues of liability and award *(see, Figliomeni v Board of Educ.,* 38 NY2d 178, 182-183; *Friend v Morris D. Fishman, Inc.,* 302 NY 389).

This conclusion is further supported by the fact that shortly before rendering its verdict, the jury inquired of the court "Is the amount of monetary damage awarded, if any, up to the jury?", to which the court responded affirmatively *(see, Lallo v Grant Co.,* 31 AD2d 941). We must similarly conclude here as the court did in *Lallo v Grant Co. (supra),* that "the jury would not have resolved liability in favor of [the purchaser] if it had not been assured it would be in a position to determine the sums to be awarded" *(Lallo v Grant Co., supra,* at 942). Therefore, in the interest of justice it is necessary that there be a new trial with respect to all issues. Sullivan, J. P., Balletta, O'Brien and Ritter, JJ., concur.